

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-77,041

---

**BRIAN SUNIGA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON DIRECT APPEAL FROM CAUSE NO. 2012-434109
### IN THE 140TH JUDICIAL DISTRICT COURT
### LUBBOCK COUNTY

---

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of

appellant's capital murder conviction and resulting sentence of death in the 140th Judicial

District Court of Lubbock County, Cause No. 2012-434109, styled The State of Texas v.

Brian Suniga. Appellant has filed in this Court a motion entitled "Further Motion to

Abate Appeal for Completion of the Appellate Record."[1]

---

[1] This Court previously abated this case for supplementation of the record on May
20, 2015. A supplemental clerk's record and a supplemental reporter's record were filed

(continued...)

In his motion, appellant contends that Lieutenant Billy Koontz of the Lubbock County Sheriff's Office was "brought before the [trial] court and interviewed on May 2, 2014" regarding an alleged violation of the trial court's gag order. Appellant contends that the transcript of that proceeding "does not appear in the Reporter's Record as it currently stands." Appellate counsel states that she "has attempted to contact the court reporter to request the transcript," but she "has not yet received a response." Appellant further contends that Chief Deputy Cody Scott of the Lubbock County Sheriff's Office may have also been questioned regarding the gag order, "[a]lthough the record does not reflect whether Chief Deputy Scott was ever interviewed by the trial court, or appeared at a hearing[.]"

We abate the appeal and remand this cause to the trial court to resolve this issue. The trial court is directed to make findings of fact regarding whether any proceedings involving Koontz and/or Scott were transcribed by the court reporter, and if so, whether the transcripts were omitted from the reporter's record that was sent to this Court. If these items have been omitted, then the trial court shall direct the court reporter to prepare, certify, and file in this Court a supplemental record containing the omitted items. *See* TEX. R. APP. P. 34.6(d).

The findings shall be made and any necessary supplements shall be filed within 30

---

[1](...continued)
in this Court on June 22, 2015.

days of the date of this order.  Appellant's brief will be due in this Court within 14 days thereafter.

 IT IS SO ORDERED THIS THE 16th DAY OF DECEMBER, 2015.

Do not publish